UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RANDY DEMARIO BATTS,

        Plaintiff,

v.

C. PIERCE,

        Defendant.
_____/

Case No. 2:19-cv-165

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility. Plaintiff sues URF Optometrist C. Pierce.

According to the complaint, Defendant Pierce examined Plaintiff's vision on July 5, 2018. Defendant Pierce concluded that Plaintiff had a mild distance vision impairment, as well as a need for a reading prescription. Because Plaintiff did not have a severe enough distance impairment to qualify for bifocals, Defendant Pierce issued two prescriptions. The first, for reading glasses, supposedly was ordered. Plaintiff also was given a prescription for distance, and he was advised that he could order a pair of distance glasses using his own funds, if he wished to do so.

On October 10, 2018, Plaintiff sent a kite to health services, complaining that he needed bifocals or a pair of reading glasses and a pair of distance glasses. Health care responded that a pair of reading glasses had been ordered on July 5, 2018, and that Plaintiff could order from MSI (Michigan State Industries) a pair of mild corrective glasses for distance use.

More than five months later, on March 31, 2019, Plaintiff wrote a second kite to health services, complaining that eight months had elapsed since his visit with Defendant Pierce, but Plaintiff had not yet received any glasses. Plaintiff complained that he could not read, see objects, or see where he was going. Nurse Smith responded to the kite on April 1, 2019, saying that, upon investigation, the prescription had been issued, but the glasses had not been ordered as they should have been. The response also indicated that the glasses would be ordered and that Plaintiff could expect them in 8 to 10 weeks. (Apr. 1, 2019, Kite Response, ECF No. 1-1, PageID.13.) Plaintiff ultimately received his reading glasses.

Shortly after receiving the April 1, 2019, response from health care, Plaintiff filed a Step-I grievance. The grievance was denied at Step-I on April 12, 2019, with the explanation

that, on October 8, 2018, Plaintiff had refused bifocals and therefore had been issued a pair of reading glasses together with a prescription for mild distance glasses at his own expense. (Step-I Grievance Response, ECF No. 1-1, PageID.17.) Plaintiff filed a Step-II grievance, which was denied on May 20, 2019. The Step-II grievance responder indicated that Plaintiff's vision did not qualify for issuance of bifocals, as his need for distance correction was mild. Because policy does not authorize more than one pair of glasses per exam, Plaintiff was issued one pair of reading glasses, though he was informed that he could purchase a pair of distance glasses at his own expense. (Step-II Grievance Response, ECF No. 1-1, PageID.18.)

Plaintiff alleges that Defendant Dr. Pierce, by not ordering bifocals or two pairs of glasses and by not ensuring that the reading glasses were actually ordered, was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the

5

> conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

To the extent that Plaintiff claims that Defendant should have ordered bifocals or two separate pairs of glasses at the expense of the state, his claim amounts to nothing more than a disagreement with Defendant's medical decision. While Plaintiff claims that his vision impairment amounts to a serious medical condition, he also acknowledges that his correction for distance vision was "mild." (Compl., ECF No. 1, PageID.2, 3, 5.) After examining Plaintiff, Defendant Pierce ordered Plaintiff a pair of reading glasses and provided Plaintiff a prescription for distance glasses, which could be ordered at Plaintiff's expense. Plaintiff utterly fails to allege facts suggesting that his distance vision was sufficiently impaired to warrant bifocals. Under these circumstances, Plaintiff's allegations do not support a conclusion that Defendant Pierce's medical decision amounted to gross incompetence or demonstrates deliberate indifference.

Moreover, to the extent that Plaintiff complains about the eight-month delay in receiving his reading glasses, Plaintiff's claim fails for a different reason. Even accepting that Plaintiff's need for reading glasses is sufficiently serious to support the objective component, Plaintiff fails to allege facts suggesting that Defendant had a sufficiently culpable state of mind when failing to provide those glasses. Indeed, Defendant found that Plaintiff required corrective lenses for reading, issued a prescription and expressed an intent to order reading glasses, and issued a second prescription for mild distance glasses, if Plaintiff wished to purchase the distance glasses at his own expense. Plaintiff alleges no fact suggesting that Defendant Pierce intended to deny Plaintiff reading glasses for eight months. Instead, the glasses, while prescribed, mistakenly were never ordered until after Plaintiff sent his second kite on March 31, 2019, at which time Nurse Smith discovered the error. An error in ordering, whether committed by Defendant Pierce or by

7

an unknown person in health services, constitutes nothing more than negligence. *See Eagle v. Mich. Dep't of Corr. Reg'l Health Care Adm'r*, No. 1:08-cv-200, 2008 WL 2080938, at *4 (W.D. Mich. Apr. 2, 2008) (finding that inadvertent disposal of glasses and resultant months-long delay in receipt of replacement glasses sounded in negligence) (citing *Kalwasinski v. Morse*, 201 F.3d 103 (2d Cir. 1999) (implicitly affirming dismissal of Eighth Amendment claim based on delay in return of eyeglasses submitted for repair)). As discussed, negligence is insufficient to support an Eighth Amendment claim. *Farmer,* 511 U.S. at 835; *Estelle*, 429 U.S. at 105-06.

In sum, the facts alleged by Plaintiff fail to state an Eighth Amendment claim against Defendant Pierce.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court declines to certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   November 7, 2019                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge